**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| ELGIE B., JR., | * |
| Plaintiff, | * |
| | *     **Civil No. TMD 19-847** |
| v. | * |
| ANDREW M. SAUL, | * |
| **Commissioner of Social Security,** | * |
| Defendant.[1] | * |

\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff Elgie B., Jr., seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for Supplemental Security Income under Title XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**, Plaintiff's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security.  He is, therefore, substituted as Defendant in this matter.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Motion for Summary Judgment (ECF No. 14) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

On November 22, 2017, Administrative Law Judge ("ALJ") Suzette Knight held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 26-59. The ALJ thereafter found on March 27, 2018, that Plaintiff was not disabled since the application date of September 3, 2015. R. at 10-25. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since September 3, 2015, and that he had severe impairments. R. at 15. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 15-16.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 416.967(b) except he can sit, stand, and/or walk up to six hours in an eight-hour day; [he] can occasionally climb stairs or ramps but never ladders, ropes, or scaffolds; he can frequently kneel or crouch and occasionally stoop or crawl; and he cannot tolerate exposure to hazards (such as unprotected heights or moving machinery), and can tolerate only occasional exposure to dust, odors, fumes, pulmonary irritants, vibration, or extreme cold.

R. at 16.[3] In light of this RFC and the VE's testimony, the ALJ found that, although he could not perform his past relevant work as a cleaner and as a hospital housekeeper, Plaintiff could perform other work in the national economy, such as a cashier or marker. R. at 19-20. The ALJ thus found that Plaintiff was not disabled since September 3, 2015. R. at 20.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on March 20, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).  Pl.'s Mem. Supp. Mot. Summ. J. 3-8, ECF No. 14-1.  Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work.  *Id.* at 5.  In particular, he contends that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." *Id.* at 5-6 (citing *Thomas v. Berryhill*, 916 F.3d 307, 311-12 (4th Cir. 2019); *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)).  Plaintiff then asserts that the ALJ failed to address his abilities to perform work-related functions throughout an eight-hour workday.  *Id.* at 7.  He also contends that the ALJ failed to evaluate properly his combination of impairments.  *Id.* at 7-8. Plaintiff finally argues that the ALJ erroneously evaluated his subjective complaints.  *Id.* at 8-13. For the following reasons, Plaintiff's contentions are unavailing.

**A.     ALJ's Credibility Determination**

The Court turns first to Plaintiff's argument that substantial evidence does not support the ALJ's assessment of his credibility.  The ALJ reviewed Plaintiff's testimony in her decision.  R. at 18; *see* R. at 31-52.  According to Plaintiff, the ALJ applied an improper standard in evaluating his subjective complaints, referring only to the objective medical evidence to support

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

the ALJ's rejection of his subjective complaints. Pl.'s Mem. Supp. Mot. Summ. J. 8-11, ECF No. 14-1 (citing *Hines*, 453 F.3d at 563). As the court in *Hines* further noted, while objective evidence is not mandatory at the second step of the test,

> [t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Hines*, 453 F.3d at 565 n.3 (alteration in original) (quoting *Craig*, 76 F.3d at 595). Thus, Plaintiff reads *Hines* too broadly. *See Young v. Colvin*, Civil Action No. WGC-15-3295, 2016 WL 6433181, at *9 (D. Md. Oct. 31, 2016). Because the ALJ found that the objective medical evidence was not consistent with the severity and intensity of Plaintiff's subjective complaints (R. at 16-18), his argument is without merit. *See id.*

Plaintiff also argues that the ALJ considered the type of activities that he could perform without also considering the extent to which he could perform them. Pl.'s Mem. Supp. Mot. Summ. J. 11-13, ECF No. 14-1 (citing *Woods*, 888 F.3d at 694; *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017)). Plaintiff's arguments are unavailing, however.

> Under the regulations implementing the Social Security Act, an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis v. Berryhill*, 858 F.3d 858, 865-66 (4th Cir. 2017) (citations omitted); *see* 20 C.F.R. § 416.929(b)-(c).

Here, the ALJ found that, "[w]hile the record supports the *types* of limitations that [Plaintiff] has alleged, it does not support their severity." R. at 18. The ALJ noted:

> In his initial submissions to the Social Security Administration, [Plaintiff] alleged that he has an unspecified heart condition, diabetes, and other issues involving his back, hearing, breathing, and kidneys, which made him unable to work as of the application date. [Plaintiff] went on to say that he is limited by shortness of breath, dizziness, back pain, and chest pain. He stated that he has difficulty with some tasks (such as dressing and cooking) due to the physical movements involved. However, he also said that he can clean, do laundry, iron, take out the trash, watch TV, and go to his son and grandson's football games. At the hearing, [Plaintiff] testified that he had significantly [] reduced physical endurance, could not walk for long distances due to losing his breath, and poor sleep. Here too, though, [Plaintiff] stated that he could do some tasks (such as cleaning and cooking), going to football games if he can sit, preparing simple meals, and spending time with family.

R. at 18 (footnote and citations omitted).

The ALJ found that Plaintiff's "own descriptions of his day-to-day activities were not consistent with the degree of limitations he alleged, and instead show much greater capabilities." R. at 18. The ALJ also noted that Plaintiff had begun part-time work in December 2016. R. at 17. Thus, "the ALJ cited [Plaintiff's] daily activities for purposes of the credibility determination and not as examples of the functions [he] could perform for an entire day." *Ladda v. Berryhill*, 749 F. App'x 166, 173 n.4 (4th Cir. 2018). The ALJ "did not equate [Plaintiff's] ability to perform certain activities of daily living with an ability to work full time. Instead, [the ALJ] used [his] reported activities to assess the credibility of [his] statements concerning the intensity, persistence, or limiting effects of [his] symptoms consistent with the applicable rules . . . ." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Because "the ALJ cited adequate evidence from the record to support [her] conclusion that [Plaintiff's] statements were

not entirely credible," Plaintiff's contention that substantial evidence does not support the ALJ's determination of his credibility is without merit. *Ladda*, 749 F. App'x at 171 n.3; *see Johnson*, 434 F.3d at 658 ("The ALJ logically reasoned that the ability to engage in such activities is inconsistent with [the claimant's] statements of excruciating pain and her inability to perform such regular movements like bending, sitting, walking, grasping, or maintaining attention."); *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) (part-time work may demonstrate ability to perform substantial gainful employment (citing *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992))); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam).

**B.     ALJ's RFC Assessment**

The Court next addresses Plaintiff's contention that the ALJ erred in assessing his RFC. Pl.'s Mem. Supp. Mot. Summ. J. 3-8, ECF No. 14-1. SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's

capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff first contends that, by failing to set forth a narrative discussion while assessing his RFC, the ALJ did not comply with SSR 96-8p. Pl.'s Mem. Supp. Mot. Summ. J. 3-7, ECF No. 14-1. In assessing his RFC, however, the ALJ considered the treatment records, opinion evidence, hearing testimony, and his credibility (R. at 16-18). *See Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) ("We hold that the ALJ's decision is supported by substantial evidence in the record. The ALJ exhaustively reviewed [the claimant's] testimony, her treatment records, and the evaluations by the SSA physicians. The ALJ generally credited the SSA physicians' opinions that [the claimant] was capable of performing work at the light exertional level, with occasional postural limitations, but found additional physical limitations to be in order based upon [the claimant's] treatment records. . . . We have carefully reviewed the record and the ALJ's findings in this regard, and we are satisfied that the ALJ built 'an accurate and logical bridge from the evidence to [her] conclusion' that [the claimant's] testimony was not fully credible." (alteration in original) (quoting *Brown*, 873 F.3d at 269)); *Ladda,* 749 F. App'x at 172

("[T]he ALJ in this case used evidence from the record to explain his finding that [the claimant] was capable of light work.  For example, the ALJ noted that [the claimant] claimed that he could walk for only ten to fifteen minutes at a time and could not lift ten pounds, but he explained that the other evidence in the record, such as medical records and opinion evidence, did not fully substantiate these claims.  The ALJ also explained the relative weight he assigned to the statements made by [the claimant], [the claimant's] treating physician, and the state agency medical consultants.  The ALJ provided a sufficiently thorough discussion for us to agree that his conclusion that [the claimant] was limited to light work was supported by substantial evidence.").  Plaintiff's contention in this regard thus is unavailing.

Plaintiff then argues that the ALJ did not address his abilities to perform work-related functions throughout an eight-hour workday.  Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 14-1.  Here, the ALJ found that Plaintiff had the RFC to perform light work.  R. at 16.  "When the ALJ determined Plaintiff's RFC, this determination implicitly contained a finding that Plaintiff is physically able to work an eight-hour day.  Therefore, the ALJ's implicit finding is in accordance with SSR 96-8p."  *Summerfield v. Saul*, No. 5:19-CV-162, 2020 WL 2105850, at *9 (N.D.W. Va. Apr. 16, 2020), *report and recommendation adopted*, No. 5:19-CV-162, 2020 WL 2104245 (N.D.W. Va. May 1, 2020); *see Hines*, 453 F.3d at 563 ("In light of SSR 96-8p, this [RFC assessment] implicitly contained a finding that [the claimant] physically is able to work an eight hour day.").

Plaintiff also contends that the ALJ failed to evaluate his combination of impairments.  Pl.'s Mem. Supp. Mot. Summ. J. 7-8, ECF No. 14-1.  "To be sure, an ALJ must 'adequately explain his or her evaluation of the combined effects of [a claimant's] impairments.'"  *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 866 (4th Cir. 2014) (alteration in original) (quoting *Walker*

*v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989)).  The ALJ here found that Plaintiff did not have an impairment or *combination of impairments* that met or medically equaled a listed impairment (R. at 15).  In assessing Plaintiff's RFC, the ALJ then considered all his symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective evidence and other evidence (R. at 16).  *See id.* at 865 ("The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word.").  In any event, Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim." *Id.*  Thus, even if the ALJ had erred in this regard, the error was harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("Moreover, step two was decided in [the claimant's] favor after both hearings.  He could not possibly have been prejudiced.  Any alleged error is therefore harmless and cannot be the basis for a remand." (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012))).

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

**V**

**Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: May 14, 2020                                          /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge